RECORD NO. 13-4347

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DANTE FOSTER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(The Honorable William D. Quarles, Jr., District Court Judge)

**OPENING BRIEF OF APPELLANT
DANTE FOSTER**

Gary E. Proctor
LAW OFFICES OF
  GARY E. PROCTOR, LLC
8 East Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 Telephone
(866) 230-4455 Facsimile
gary_proctor@verizon.net

*Counsel for Appellant*                    December 6, 2013

**LANTAGNE LEGAL PRINTING** 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................... iii

STATEMENT OF SUBJECT MATTER JURISDICTION AND
BASIS FOR APPELLATE JURISDICTION  ........................................1

STATEMENT OF THE ISSUES ...............................................................1

STATEMENT OF THE CASE ...................................................................2

STATEMENT OF FACTS  .........................................................................2

SUMMARY OF THE ARGUMENT ........................................................6

ARGUMENT:

      STANDARD OF REVIEW ...............................................................7

      ARGUMENT.....................................................................................7

I.     WHETHER THE DISTRICT COURT INCORRECTLY USED AN
UNCOUNSELED, VOID CONVICTION TO ENHANCE DONTE
FOSTER'S SENTENCE..........................................................................7

      A.    Sentencing Courts May Not Use Convictions That The
Government Obtains In Violation Of The Sixth Amendment To
Enhance A Later Sentence....................................................8

            1.    The Sixth Amendment Right To Counsel ...................8

            2.    The Rebuttable Presumption of Regularity ................9

      B.    Mr. Foster Satisfied His Burden Of Raising An Inference That
The Conviction Was Invalid, And The Government Presented No
Contrary Evidence To Satisfy Its Burden............................11

      C.    The Court's Failure To Address Mr. Foster's Non-frivolous
Argument Rendered The Sentence Unreasonable................14

CONCLUSION ...................................................................................................17

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH
LIMITATIONS ..................................................................................................18

CERTIFICATE OF FILING AND SERVICE........................................................19

## TABLE OF AUTHORITIES

## CASES

Page

*Burgett v. Texas,*
    389 U.S. 109 (1967)...................................................................8

*Chambers v. Mississippi,*
    410 U.S. 284 (1973)..................................................................13

*Crane v. Kentucky,*
    476 U.S. 683 (1986)..................................................................13

*Custis v. United States,*
    511 U.S. 485 (1994)...................................................................8

*Faretta v. California,*
    422 U.S. 806 (1975)..................................................................13

*Iowa v. Tovar,*
    541 U.S. 77 (2004).....................................................................9

*Olden v. United States,*
    224 F.3d 561 (6th Cir. 2000)...................................................8, 9

*Parke v. Raley,*
    506 U.S. 20 (1992)........................................................9, 11, 13

*Rita v. United States,*
    127 S. Ct. 2456 (2007)........................................14, 15, 16

*Rock v. Arkansas,*
    483 U.S. 44 (1987).............................................................11, 13

*United States v. Allen,*
    153 F.3d 1037 (9th Cir. 1998)...........................................10, 12

*United States v. Barbour,*
    393 F.3d 82 (1st Cir. 2004) ......................................................10

*United States v. Bush*,
    405 F.3d 909 (10th Cir. 2005)......................................................................9, 10

*United States v. Carty*,
    453 F.3d 1214 (9th Cir. 2006)......................................................................16

*United States v. Charles*,
    389 F.3d 797 (8th Cir. 2004)......................................................................10

*United States v. Collins*,
    415 F.3d 304 (4th Cir. 2005)......................................................................10

*United States v. Cruz-Alcala*,
    338 F.3d 1194 (10th Cir. 2003)...............................................................10, 12

*United States v. Cunningham*,
    429 F.3d 673 (7th Cir. 2005)......................................................................15

*United States v. Gall*,
    552 U.S. 38 (2007)......................................................................14

*United States v. Gray*,
    177 F.3d 86 (1st Cir. 1999) ......................................................................11

*United States v. Green*,
    436 F.3d 449 (2006)......................................................................14

*United States v. Hall*,
    473 F.2d 1295 (10th Cir. 2007)......................................................................16

*United States v. Hondo*,
    366 F.3d 363 (4th Cir. 2004)......................................................................7

*United States v. Jackson*,
    408 F.3d 301 (6th Cir. 2005)......................................................................15

*United States v. Krejcarek*,
    453 F.3d 1290 (10th Cir. 2006)......................................................................12

iv

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) ....................................................15, 16

*United States v. Raphel Smith*,
    2013 WL. 5509629 (4th Cir. 10/7/13) ...........................................15

*United States v. Rivera*,
    439 F.3d 446 (8th Cir. 2006) ........................................................16

*United States v. Sanchez-Juarez*,
    446 F.3d 1109 (10th Cir. 2006) ............................................... 15-16

*United States v. Sparrow*,
    673 F.2d 862 (5th Cir. 1982) .......................................................13

*United States v. Williams*,
    432 F.3d 621, 622 (6th Cir. 2005)) ..............................................15

## STATUTES

18 U.S.C. § 3231 ..............................................................................1
18 U.S.C. § 3553 ............................................................................16
18 U.S.C. § 3553(a) ...................................................13, 14, 15, 16
18 U.S.C. § 922(g)(1 .......................................................................2
21 U.S.C. § 841(a)(1) ...............................................................2, 3, 4
28 U.S.C. § 1291 ..............................................................................1

## RULES

Fed. R. Crim. P. 32 .......................................................................13

## CONSTITUTION

U.S. Const. amend 5 ......................................................................13
U.S. Const. amend 6 ...............................................................8, 10, 13

v

## STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE JURISDICTION

Donte Foster (hereafter "Appellant") appeals from the final judgment of conviction and sentence from the United States District Court for the District of Maryland. The United States District Court for the District of Maryland was the court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. On May 10, 2013, the district court entered a judgment of conviction against Appellant, and a timely Notice of Appeal was filed on that same date.

The United States Court of Appeals for the Fourth Circuit has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.    WHETHER THE DISTRICT COURT INCORRECTLY USED AN UNCOUNSELED, VOID CONVICTION TO ENHANCE DONTE FOSTER'S SENTENCE

1

## **STATEMENT OF THE CASE**

Appellant was charged by Indictment in Count One with bring a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and, in Count Two, Possession with Intent to Distribute a detectable amount of powder cocaine, in violation of 21 U.S.C. § 841(a)(1).

Appellant was arraigned on June 15, 2012 and pled not guilty.  Appellant was found guilty by a jury on November 30, 2012.  On May 9, 2013 he was sentenced to 120 months as to Count 1, with 174 months concurrent as to Count 2. This timely appeal follows.

## **STATEMENT OF FACTS**

The genesis of this case was that the Drug Enforcement Agency was investigating Appellant's brother, Octavius Strong.  J.A. 291.  To that end, law enforcement saw Appellant leave his brother's residence on multiple occasions.  On December 8, 2011 they followed him to a residence he shared with his girlfriend. J.A. 292-293.  They saw him enter the building and confirmed the apartment number.  Id.  They also confirmed that the Pacifica that Appellant was driving was registered to him.  Id.

On December 14, 2011 law enforcement had procured a search warrant for Mr. Strong's residence.  J.A. 223.  While conducting surveillance prior to the

2

execution of the search warrant at Mr. Strong's, law enforcement saw Appellant get into his Pacifica and drive away.  Id. Special Agent Craig Jester notified other officers that Appellant had left the apartment, directed them to follow him.  He further informed them that they could conduct a traffic stop at their discretion.  J.A. 296.  Detective Steven Mahan was assigned to follow the Pacifica.  J.A. 208.  Also Present was a Detective Brown.  J.A. 209.

As the vehicle was driving north on Bel Air Road, the officer saw the vehicle make several unsafe lane changes in heavy traffic.  Id.  While it was possible to see clearly through the front windshield of the Pacifica, the rear and side windows were tinted.  J.A. 228-229.  A traffic stop was initiated.  J.A. 209. Officer Mahan is a Baltimore City Police Officer.  J.A. 36. The pursuit of the Pacifica originally began in Baltimore City.  J.A.  39.  Officers, however, followed the vehicle for two to three miles, so that the stop itself happened in Baltimore County.  J.A. 39-40. As officers approached the vehicle, Appellant was attempting to put his seatbelt on. J.A. 211.  Immediately visible to the officers was a sandwich bag in the center console with what appeared to be marijuana.  Id.  Officers searched Appellant and recovered a digital scale and United States currency.  J.A. 213.

Police officers then entered the vehicle to perform an inventory search.  J.A. 214.  Upon entering they smelled what they believed to be marijuana.  Id.  Upon looking in the back seat they saw pry marks around one of the cup holders.  J.A.

3

215.  They removed the cup holder and recovered additional marijuana and cocaine.  Id.  Due to the fact that law enforcement was simultaneously conducting a search of Mr. Strong's residence, and that the Pacifica was parked on a busy highway during rush hour, the search of the vehicle was discontinued at this time.  J.A. 328.  Mr. Foster was read his rights at the scene of the traffic stop.  J.A. 221.

Mr. Foster was then taken to the North East District Police Station.  He was read his rights.  J.A. 240.  Law enforcement believed that Appellant was being deceptive about where he lived.  J.A. 242; 299-300.  As stated above, they knew where he resided due to surveillance on December 8, 2011.  They therefore went to said residence, which Appellant shared with Wanda Gainey.  J.A. 244.  Ms. Gainey was not home, but she returned upon learning that law enforcement wished to speak with her.  J.A. 245.  She provided consent to search.  Id.  Upon searching the residence, law enforcement recovered a quantity of cocaine, a box of 9 mm ammunition, and 2 magazines.  J.A. 316-317.  Also recovered was U.S. currency in the amount of $5,450.  J.A. 320.

Following this Agent Jester went to the police station to complete the inventory search of the Pacifica.  J.A. 328.  He looked under the rear driver side cup holder and located a loaded firearm.  J.A. 329.  The firearm was loaded.  J.A. 334.

Eventually, Appellant was taken to D.E.A. Headquarters, were he admitted

to purchasing 3 kilograms of cocaine the day before. J.A. 418.

Appellant moved to suppress the police stop, his statements, and the search of the vehicle. On November 28, 2012 the court denied all motions. J.A. 473 *et seq.*. Trial began on November 26, 2012. On November 27, 2012 Appellant requested a new attorney and expressed dissatisfaction with his current one. J.A. 254. The matter was referred to a Magistrate Judge. J.A. 260. After hearing from Appellant and his attorney the Magistrate Judge denied the request that new counsel be appointed. See docket entry 36, J.A. 5. Following that, Appellant dismissed his attorney on the following day, November 28, 2012, and proceeded *pro se* for the remainder of the trial. J.A. 265. Appellant was found guilty by a jury on November 30, 2012. On May 9, 2013 he was sentenced to 120 months as to Count 1, with 174 months concurrent as to Count 2.

At sentencing in this matter, Appellant objected to one of the prior convictions, stating that it:

> was obtained without a counselor. And under *United States versus Tucker, Alabama versus Shelton*, and couple other supporting cases within the Fourth Circuit stipulates that a conviction that was obtained without a counselor is improperly used in federal sentencing. And as the PSR already stipulates, line 29 through 30 that counselor is unknown in this situation.
>
> And since the Government didn't challenge that particular statement within the PSI, then the PSI is presumed to be accurate. And I'm asking that this particular prior don't be used due to the fact of the counselor...

5

J.A. 652-653.  The trial court denied that claim, and the conviction was counted for sentencing guideline purposes.  Id.

This timely appeal follows.

## SUMMARY OF THE ARGUMENT

Mr. Foster's sentencing guidelines were improperly increased, and his Criminal History Category raised, on the basis of a prior conviction that the available evidence showed was procured without legal assistance.  The totality of the district court's discussion of this issue was "thank you.  Next?"  Such an abject failure to address a non-frivolous issue deprived Appellant of Procedural Due Process.

Such errors requires a re-sentencing in this matter.

## ARGUMENT

## STANDARD OF REVIEW

This Court reviews *de novo* whether a defendant waived his right to counsel in a prior conviction when that conviction is used to enhance a federal sentence. *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004).

## ARGUMENT

THE DISTRICT COURT INCORRECTLY USED AN UNCOUNSELED, VOID CONVICTION TO ENHANCE DONTE FOSTER'S SENTENCE

The Government argued that it was Appellant who "has the burden of demonstrating that the violation was taken [sic] in violation of the Sixth Amendment right." J.A. 653. The totality of the Court's discussion of this issue is as follows: "Thank you. Next?" Id. Paragraph 29 of the Presentence Report states that "[a]ttorney representation is unknown." J.A. 680. The district court therefore erred in using that void conviction to enhance his sentence.

Coupled with that, the district court's simple acceptance without any explanation of the Government's statement that a defendant has the burden (without even enunciating what that burden is) deprived Appellant of Procedural Due Process.

A.   Sentencing Courts May Not Use Convictions That The Government Obtains In Violation Of The Sixth Amendment To Enhance A Later Sentence

1.   The Sixth Amendment Right To Counsel

The government may not imprison someone accused of a crime unless the person is represented by counsel, or the person knowingly and voluntarily waives the right to counsel.  When the government obtains a conviction without providing an indigent person with counsel, it violates the Sixth Amendment.  *See Custis v. United States*, 511 U.S. 485, 494 (1994).  The Sixth Amendment violation is jurisdictional, rendering the conviction void.  *Id.*

The government may not use a void conviction to enhance a person's sentence for a later, different offense, thereby further restricting the person's liberty based on a conviction that violated the Sixth Amendment.  *Id.*; *see also Burgett v. Texas*, 389 U.S. 109 (1967).  A conviction that violated the Sixth Amendment cannot be counted in a criminal history score.

A conviction violates the Sixth Amendment when counsel is absent during a critical stage of a trial.  *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000).  "When the government presents evidence probative of a defendant's culpability in criminal activity, or evidence that further implicates a defendant in criminal conduct, that portion of a criminal trial is sufficiently critical to the ultimate question of guilt as to trigger the protections of [the Sixth Amendment]."  *Id.* at

568. The entry of a guilty plea is a critical stage of a proceeding at which a defendant enjoys the right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 81 (2004).

If an indigent person is not provided with counsel at a critical stage of the proceedings, or if counsel is appointed but absent, then the conviction violates the Sixth Amendment. *Olden*, 224 F.3d at 565. A different lawyer may "stand in" for the defendant's actual lawyer, but before this can happen, the court must inquire whether the defendant has knowingly and voluntarily waived the right to have his own counsel present and knowingly and voluntarily accepts "stand in" counsel. *Id.* at 568-69.

## 2. The Rebuttable Presumption of Regularity

Although prior convictions are presumed valid, this presumption is not absolute. *Parke v. Raley*, 506 U.S. 20, 24 (1992). Once the government proves that a prior conviction exists, a court may presume that the government complied with its constitutional obligations. *Id.* If the defendant refutes the presumption, then the burden shifts back to the government to affirmatively demonstrate that the prior conviction was valid. *Id.*

Sentencing courts can presume regularity when the records of a prior conviction are silent as to whether counsel was present or whether the defendant waived the right to counsel. *United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005). The defendant must "raise an inference" that the prior conviction violated

the Sixth Amendment. *See United States v. Collins*, 415 F.3d 304, 316 (4th Cir. 2005). Here, Appellant affirmatively stated that no counsel was present and raised a timely challenge. The Government did not even attempt to refute it. And the Court agreed with them without even passing comment, or asking for more information.

To overcome the presumption of regularity, the defendant's burden of proof is a preponderance of evidence. *Bush*, 405 F.3d at 921; *United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th Cir. 2003); *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998). The defendant bears a burden of presenting affirmative evidence that establishes both that the conviction was uncounseled and that the defendant had not waived the right to counsel. *United States v. Barbour*, 393 F.3d 82, 93 (1st Cir. 2004).

Typically, a defendant satisfies this burden by providing an affidavit describing the prior proceedings and the lack of counsel or by testifying at the later sentencing. *See Bush*, 405 F.3d at 922 (the defendant's failure to provide an affidavit meant that he had not overcome the presumption of regularity, even though the records of the prior conviction had been destroyed); *United States v. Charles*, 389 F.3d 797, 799-800 (8th Cir. 2004) (in the absence of transcripts, without the defendant's testimony about the prior proceedings no evidence overcame the presumption of regularity). The Supreme court has described the

importance and value of a defendant's testimony on this point: "the defendant may be the only witness who was actually present at the earlier proceeding." *Parke*, 506 U.S. at 32; *see also United States v. Gray*, 177 F.3d 86, 90 (1ˢᵗ Cir. 1999) (describing the importance of a defendant's affidavit or testimony regarding whether a prior conviction was obtained in violation of the Sixth Amendment). "A defendant stands in the best position to offer a first-hand account of the details of his own past legal proceedings." *Gray*, 177 F.3d at 90. Here, Ms. Foster was representing himself, and so all he could do was raise in argument that the plea was uncounseled. Of course, "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock v. Arkansas,* 483 U.S. 44, 55-56 (1987).

B.    <u>Mr. Foster Satisfied His Burden Of Raising An Inference That The Conviction Was Invalid, And The Government Presented No Contrary Evidence To Satisfy Its Burden</u>

Mr. Foster produced affirmative evidence that he had not waived his Sixth Amendment right to counsel when he entered his guilty plea with no attorney.

Appellant's argument established at least by a preponderance of evidence that Mr. Foster entered his guilty plea without counsel. He had satisfied his burden of overcoming the presumption of regularity. The burden therefore shifted to the government to establish that the prior conviction was valid. The government, however, presented nothing to call Mr. Foster's explanation into question.

In contrast, in cases where a defendant's affidavit or testimony is insufficient to carry the burden, significant contradictory evidence existed in the records. For example, a defendant's testimony that he had not waived his right to counsel, which the district court explicitly deemed not credible, was insufficient to carry the burden of proof in the face of signed forms and factual findings from the prior state court record evincing that the defendant had waived counsel in open court. *See Cruz-Alcala*, 338 F.3d at 1198; *See also United States v. Krejcarek*, 453 F.3d 1290, 1297-98 (10th Cir. 2006) (holding that the defendant's claim that his prior conviction violated the Sixth Amendment was unsupported because, despite his testimony that he had no counsel, the record included documents that he had signed waiving counsel); *Allen*, 153 F.3d at 1041 (defendant's testimony that he had not waived his right to counsel was contradicted by documents in the record where the defendant had asked to be represented by a layman and then proceeded pro se.)

Here, on the other hand, no evidence in the record contradicted Mr. Foster's description of the state court proceedings.

No presumption of regularity attaches to the conviction because the record is not silent. Instead, the burden had shifted back to the government to establish that the conviction was valid. But it offered nothing to contradict Mr. Foster's evidence that his conviction was uncounseled and that he had not waived his right to counsel.

To the contrary: the court apparently applied an irrebuttable presumption that violated Mr. Foster's Fifth and Sixth Amendment rights and the Federal Rules of Criminal Procedure, and the Supreme Court's explanation that this type of testimony is critical to this issue. *See Parke*, 506 U.S. at 32.

A criminal defendant has a Fifth and Sixth Amendment right to present evidence at sentencing, including testimony. This right rests in both the Due Process Clause and Compulsory Process Clause. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987). An accused has a right to personally be heard in his own defense–an essential right "to a fair adversary process." *Id.* at 51 (relying on *Faretta v. California*, 422 U.S. 806 (1975)). In addition, a criminal defendant has an absolute right to allocution at sentencing to argue for mitigation. Fed. R. Cim. P. 32; *United States v. Sparrow*, 673 F.2d 862, 865 (5th Cir. 1982). This right to defend against the accusations made against him "helps assure the accuracy of the truth-determining process." *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). It ensures that a defendant is not punished only on the government's evidence, only on a one-sided version of the facts. *See Crane v. Kentucky*, 476 U.S. 683, 690-91 (1986).

The three (3) points added to Mr. Foster's criminal history for paragraph 29 had the effect of taking him from five (5) criminal history points, to eight (8). As such, it increased his Criminal History Category from III to IV. With regard to 3553(a) arguments, the district court also fastened on to this un-counseled

13

conviction in imposing an above-guideline sentence.  J.A. 662.

    C.    <u>The Court's Failure To Address Mr. Foster's Non-frivolous Argument Rendered The Sentence Unreasonable</u>

The district court's legal error rendered the sentence procedurally unreasonable.  *See United States v. Green*, 436 F.3d 449, 456 (2006).  *See also United States v. Gall*, 552 U.S. 38, 46-50 (2007).

In *Rita v. United States*, 127 S. Ct. 2456 (2007), the Supreme Court held that where a party presents nonfrivolous reasons for imposing a sentence different from that recommended by the Guidelines, the district court must explain why it has rejected those arguments.  <u>Id.</u> at 2468.  In particular, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."  <u>Id.</u>  The Court explained,

> By articulating reasons [for rejecting the parties' arguments], even if brief, the sentencing judge not only assures reviewing courts (and the public) that the sentencing process is a reasoned process but also helps that process evolve.  The sentencing judge has access to, and greater familiarity with, the individual cases and the individual defendant before him than the Commission or the appeals court.  That being so, his reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors, can provide relevant information to both the court of appeals and ultimately the Sentencing Commission.  The reasoned responses of these latter institutions to the sentencing judge's explanation should help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw.

<u>Id.</u> at 2469.

14

Consistent with *Rita,* in *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006), this Circuit held that "[d]istrict courts are obligated to explain their sentences whether those sentences are within or beyond the Guidelines range." Although a court "need not robotically tick through § 3553(a)'s every subsection . . . a district court's explanation must be elaborate enough to allow 'an appellate court to effectively review the reasonableness of the sentence.' " *Montes-Pineda*, 445 F.3d at 380 (citing *United States v. Williams*, 432 F.3d 621, 622 (6th Cir. 2005)). Specifically, a sentencing court's explanation must indicate "(1) that the court considered the § 3553(a) factors with respect to the particular defendant, and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." *Montes-Pineda*, 445 F.3d at 380 (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) and *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). Accord *United States v. Raphel Smith*, 2013 WL 5509629 (4th Cir. 10/7/13).

With respect to the second factor, this Circuit specifically adopted the holding of the Seventh Circuit in *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). In *Cunningham*, the Seventh Circuit held that a sentence was procedurally unreasonable where the district court "passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion." Id. at 679. See also *United States v. Sanchez-*

*Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006) (remanding case for re-sentencing because the district court failed to address defendant's § 3553(a) arguments); *United States v. Hall*, 473 F.2d 1295, 1314 (10th Cir. 2007) (holding the same);

Accord *United States v. Rivera*, 439 F.3d 446, 448 (8th Cir. 2006) (holding that a district court's brief comment that the sentence was imposed "under the circumstances that have been placed here in the record" did not adequately take into account defense counsel's arguments); *United States v. Carty*, 453 F.3d 1214, 1221 (9th Cir. 2006) (holding that a district court's summary comment that it had considered the defense counsel's arguments not sufficient because the court did not comment substantively on the arguments).

Also, merely because a district court's sentence falls within the advisory Guidelines does not relieve the court of its burden to consider a defendant's argument under § 3553 for a lower sentence. The Supreme Court, this Circuit, and other federal courts that have addressed the issue have come to this exact conclusion. See *Rita*, 127 S. Ct. at 2468-69 (where a defendant contests a sentence that falls within an advisory Guidelines range, the district court must provide reasons for rejecting defendant's arguments); *Montes-Pineda*, 445 F.3d at 380 ("district courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range") (emphasis added); *Sanchez-Juarez*, 446 F.3d at 1117 ("we do not believe that our recognition of a procedural

requirement that a district court must state reasons for its rejection of a party's nonfrivolous [arguments] is incompatible with the presumption that a sentence is reasonable in a substantive sense").

That said: the Guideline range in the case at bar was 77-96 months, Appellant received a sentence of 174. The Court wholly failed to even address Mr. Foster's non-frivolous argument that a prior conviction that increased his Criminal History Category was obtained without the benefit of a lawyer. Accordingly, and in light of this precedent, Mr. Foster's sentence was procedurally unreasonable.

**CONCLUSION**

For the reasons set out above, Appellant respectfully requests that this Honorable Court reverse the conviction in this matter and remand for resentencing.

Respectfully submitted,

*/s/ Gary E. Proctor*
Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
8 East Mulberry Street
Baltimore, Maryland 22622
(410) 444-1500 Telephone
Gary_proctor@verizon.net

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared using a proportionally spaced font:

   Microsoft Word 2010,

   Times New Roman, 14 point.

2. EXCLUSIVE of the table of contents; table of citations; statement with respect to oral argument; and any addendum containing statutes, rule or regulations and the certificate of service the reply brief contains:

   3,698 Words.

   I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Brief and/or a copy of the word or line print-out.

   December 6, 2013

   */s/Gary E. Proctor*

   GARY E. PROCTOR

**CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on this 6th day of December, 2013, the required copies of the foregoing Opening Brief of Appellant was filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Henry Brandis Marsh. Jr.
OFFICE OF THE UNITED STATES ATTORNEY
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800 Telephone
(410) 962-3124 Facsimile
brandis.marsh@usdoj.gov

*Counsel for Appellee*

/s/Gary E. Proctor
GARY E. PROCTOR